ORIGINAL
FW025799

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 1 2016  1:17pm
CLERK, U.S. DISTRICT COURT
By _____ TS
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARIA GUADIAN )
    *Plaintiff.* )
v. ) CIVIL ACTION NO.
  )
ENHANCED RECOVERY ) **4-16CV-083-A**
COMPANY, L.L.C. )
    *Defendant.* )
  ) TRIAL BY JURY DEMANDED
  )

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Maria Guadian complains of Enhanced Recovery Company, L.L.C. Defendant, and for cause of action would respectfully show as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual, Plaintiff Maria Guadian against Defendant Enhanced Recovery Company, L.L.C. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(b)(1)(A)(iii).

2. Defendant was informed to not call the cellular telephone number and ignored the request. Defendant continued to place calls to the cellular telephone. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the several statutes.

Page 1 of 5

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Maria Guadian, a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Enhanced Recovery Company, L.L.C. (herein after "Enhanced Recovery") a collection company with principal office at 8014 Bayberry Road, Jacksonville, FL 32256.

10. Enhanced Recovery may be served with process by serving: C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

11. The telephone number (915) 383-1451 is assigned to a cellular telephone belonging to the Plaintiff Maria Guadian.

12. Enhanced Recovery made numerous calls to the wireless cellular phone number (915) 383-1451 from telephone numbers (915) 249-4505, (915) 613-3292, (915) 613-0468 and (800) 728-7518.

13. Enhanced Recovery made calls to Plaintiff's cell phone on the following dates and times:

    1. March 07, 2015 at 09:59 a.m.
    2. March 11, 2015 at 08:10 a.m.
    3. March 31, 2015 at 07:23 p.m.
    4. April 08, 2015 at 03:10 p.m.
    5. April 21, 2015 at 01:37 p.m.
    6. April 27, 2015 at 12:18 p.m.
    7. May 05, 2015 at 03:32 p.m.
    8. May 15, 2015 at 03:21 p.m.
    9. June 12, 2015 at 05:52 p.m.
    10. June 25, 2015 at 12:24 p.m.
    11. July 01, 2015 at 04:39 p.m.
    12. July 15, 2015 at 03:07 p.m.

14. On June 25, 2015 at 12:24 p.m., the telephone call was answered there was a long period of silence before a representative came on the line at which time Enhanced Recovery was informed to , "Stop Calling".

15. Enhanced Recovery used an automatic telephone dialing system to dial Plaintiff's wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) as evidence by the long period of silence when the telephone call on June 25, 2015 at 12:24 p.m. was answered.

16. Enhanced Recovery called Plaintiff's cellular telephone number for a non-emergency purpose.

17. Plaintiff has not at any time given her express permission, written, or otherwise to Enhanced Recovery to contact her on her cellular telephone number (915) 383-1451.

18. Plaintiff has no prior established relationship with Enhanced Recovery.

19. Plaintiff attempted to mitigate damages in this matter with Enhanced Recovery before commencing legal action and Enhanced Recovery failed to respond.

20. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii)
### BY DEFENDANT ENHANCED RECOVERY COMPANY, L.L.C.

21. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

22. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

23. In each telephone communication referenced in ¶13, Enhanced Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the capacity to automatically call the Plaintiff's number (915) 383-1451, which is assigned to a cellular telephone service.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: January 29, 2016

Respectfully Submitted,

Maria Guadian
3057 Old Hickory Trail
Fort Worth, TX 76140
(817) 298-0643
guadianma@yahoo.com